AO 247 (Rev. 11/11:CASD 05/15)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) | Page 1 of 1

# UNITED STATES DISTRICT COURT
## for the

### Southern District of California

United States of America
v.

Francisco Gutierrez

Date of Original Judgment:        11/3/2015
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

)
)
)
)
)
)
)
)
)

Case No:   15-cr-0334-JO

USM No:   30328-298

Ezekiel E. Cortez
*Defendant's Attorney*

**ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Upon the motion of the Defendant under 18 U.S.C. §3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, IT IS ORDERED that the motion is **DENIED**.

The Defendant asserts that Part A of Amendment 821, which limits "status points" from the defendant's criminal history calculation if he committed the instant offense while under "probation, parole, supervised release, imprisonment, work release, or escape status[,]" is applicable to his case. *See* USSG. § 4A1.1(e). While the Defendant's criminal history points would change under Amendment 821, the sentencing judge found the Defendant to be a career offender, automatically placing him at a criminal history category VI. (Sentencing Transcript, Dkt. 72 at 46.) Accordingly, the defendant is ineligible for a sentencing reduction because any changes to his criminal history points would have no affect on his criminal history category as a career offender. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."); U.S.S.G. § 1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline."); *see also United States v. Axtle*, No. 11-CR-00836-RS-2, 2024 WL 4476664, at *2 (N.D. Cal. Oct. 11, 2024) ("Amendment 821 does not apply to [defendant's] sentence, because his criminal history category was not impacted by his status points but was instead governed by his career offender status.")

While the Defendant argues that his predicate offenses no longer qualify as a basis for career offender status, he "offers no authority for the proposition that a § 3582(c)(2) proceeding may be used to revisit a career offender determination." *United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011); *see also United States v. Wilson*, No. 24-1134, 2024 WL 4371621, at *1 (7th Cir. Oct. 2, 2024) ("§ 3582(c)(2) motion is not the proper vehicle to challenge a career-offender designation."); *United States v. Russell*, No. 24-40430, 2025 WL 720937, at *1 (5th Cir. Mar. 6, 2025)("[T]o the extent [Defendant] challenges the court's sentencing determination that he is a career offender under the Guidelines, he cannot relitigate application of the career-offender enhancement in a § 3582(c)(2) proceeding."). Accordingly, the Court declines to reexamine Defendant's status as a career offender. *Waters* at 1118.

**IT IS SO ORDERED**.

Order Date:        4/24/2025

_____
*Judge's signature*

Honorable Jinsook Ohta, United States District Judge
*Printed name and title*